**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **MATTHEW D.  KRALLMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO. 4:06CV3252** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **STATE OF KANSAS, and SECURITY TRANSPORT,** | ) | **PRISONER PAYMENT ORDER** |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

The plaintiff, a prisoner, has filed a civil complaint and a motion to proceed in forma pauperis ("IFP") (filing no. 2).  The court has received a certified copy of the plaintiff's trust account information (filing no. 3).  The plaintiff is permitted to proceed IFP.

Pursuant to the Prison Litigation Reform Act, a prisoner plaintiff is required to pay the full amount of the court's $350.00 filing fee by making monthly payments to the court, even if the prisoner is proceeding IFP.[1]  28 U.S.C. § 1915(b).  "[T]he PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."  *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*,173 F. Supp.2d 951 (D. Neb. 2001).

First, the plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of the plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint.  I find that the initial partial filing fee is **$6.30**.  Payment of the initial partial filing fee must be received by the court by **December 8, 2006**, in the absence of which this matter may be subject to dismissal.  The plaintiff may request an extension of time if needed.

In addition to the initial partial filing fee, the plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account."  28 U.S.C. § 1915(b)(2).  The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court.  28 U.S.C. § 1915(b).

---

[1]THE "THREE STRIKES" RULE:  If this action is later dismissed as frivolous, malicious, or for failure to state a claim, then the dismissal can count against the prisoner for purposes of the "three-strikes" rule in 28 U.S.C. § 1915(g).  The three-strikes rule means that if a prisoner's complaints are dismissed on 3 occasions as frivolous, malicious, or for failure to state a claim, the prisoner may not proceed in forma pauperis thereafter in future complaints and appeals, unless, pursuant to the only exception to this rule, the prisoner is in "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Therefore, after payment in full of the initial partial filing fee, the remaining installments shall be collected pursuant to 28 U.S.C. § 1915(b)(2):

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

The Clerk of Court shall send a copy of this Order to the appropriate financial official at the plaintiff's institution.   The plaintiff will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time.  See *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*,173 F. Supp.2d 951 (D. Neb. 2001) .

**THEREFORE, IT IS ORDERED:**

1.      That filing no. 2, the plaintiff's motion to proceed IFP, is granted;

2.      That the plaintiff shall pay an initial partial filing fee of **$6.30** by **December 8, 2006**, unless an enlargement of time is granted in response to a written motion;  in the absence of the initial partial filing fee by the specified deadline, this case may be subject to dismissal;

3.      That, after payment of the initial partial filing fee, the plaintiff's institution shall collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and shall forward those installments to the court;

4.      That the Clerk of Court shall send a copy of this order to the appropriate official at the plaintiff's institution;

5.      That the plaintiff shall keep the court informed of his current address at all times, and that all parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules, while this case is pending;  and

6.      That the plaintiff shall review the "**Notice Regarding Summons Forms**" attached to this Order.

DATED this 30th day of October, 2006.

BY THE COURT:

s/ F. A. Gossett
United States Magistrate Judge

2

**NOTICE REGARDING SUMMONS FORMS**
**FOR PRO SE PRISONERS**
**PROCEEDING IN FORMA PAUPERIS**

A prisoner who is proceeding pro se and in forma pauperis as the plaintiff in a civil case shall **not** provide the court with summons forms (or Form 285) for service of process on the defendant(s) **until** notified to do so by the Clerk of Court.

The Prison Litigation Reform Act ("PLRA") requires the court to screen complaints brought by prisoners.  Therefore, the court conducts "initial review" of a complaint filed by a prisoner before any summons can be served on a defendant.

Generally, the court conducts "initial review" shortly after the Clerk of Court receives the initial partial filing fee from the plaintiff.  The initial partial filing fee is ordered by the court after the Clerk of Court has received the plaintiff's inmate trust account statements.

Then, after the trust account statements have been received, the initial partial filing fee has been paid, and initial review has been completed, the Clerk of Court arranges for service of process as follows:

1.      The Clerk of Court will be directed by a District Judge or Magistrate Judge to send the plaintiff a blank summons form for each defendant named in the caption of the case, together with Form 285.

2.      The plaintiff shall thereafter complete the summons form(s) and Form 285, because without those forms, service of process cannot occur.

3.      The plaintiff shall then mail the completed summons form(s) and Form 285 to the Clerk of Court.  Upon receipt of the completed forms from the plaintiff, the Clerk of Court will sign the summons form(s) to be sent by the Clerk, together with a copy of the complaint for each defendant, to the U.S. Marshal for service on the defendant(s).

4.      Because the plaintiff is proceeding in forma pauperis, the plaintiff is not responsible for copying the complaint or arranging for service of process.

**THEREFORE, ALL PLAINTIFFS ARE REQUESTED NOT TO SEND SUMMONS FORMS TO THE COURT UNLESS THE CLERK OF COURT HAS FIRST SENT THE FORMS TO THE PLAINTIFF AFTER "INITIAL REVIEW" HAS BEEN COMPLETED, AS STATED ABOVE.**

3