IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MATTHEW D. KRALLMAN,     )
    )
    Plaintiff,     )         4:06cv3252
    )
    vs.     )
    )     ORDER on INITIAL REVIEW
STATE OF KANSAS, et al.,     )     ORDER on MOTION FOR TRO
    )     ORDER to SHOW CAUSE
    Defendants.     )

This matter is before the court for initial review of the complaint filed by the plaintiff, Matthew D. Krallman, and on Filing No. 4, the plaintiff's Motion for an Emergency Injunction, which the court construes as a Motion for a Temporary Restraining Order ("TRO") pursuant to Fed. R. Civ. P. 65. The plaintiff, a prisoner in Kansas, has named as defendants the State of Kansas and Security Transport, an entity whose employee, armed with a gun and wearing a badge, transported the plaintiff to Shawnee County, Kansas, pursuant to a court order. The plaintiff states (Filing No. 1 at 4) that he does not know whether Security Transport is an agency or branch of Kansas government or a private company under contract with the State of Kansas.

The plaintiff moves for a TRO, asking the court to intervene and stay criminal proceedings pending in Kansas, i.e., Case No. 04CR990, Kansas v. Krallman. No basis for doing so has been presented to the court, and the court will not do so.[1] Filing No. 4, the plaintiff's Motion for an Emergency Injunction (TRO) is denied.

The plaintiff has paid his initial partial filing fee. He asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, alleging that, while transporting the plaintiff through

---

[1]Even if the court had the power to grant the relief requested by the plaintiff, abstention would be appropriate. Under Younger v. Harris, 401 U.S. 37 (1971), and progeny, federal district courts may refrain from interfering with a pending state criminal proceeding, based on interests of comity and federalism.

Nebraska on the way to Shawnee County, Kansas, an agent of Security Transport lost the plaintiff's legal documents and also caused the plaintiff trauma by causing him to view a traffic accident in which other people sustained serious injury.

On initial review, the court questions whether venue lies in this district, whether this court has jurisdiction over the defendants, and whether the plaintiff has stated a claim on which relief may be granted.   In order to proceed with this matter, the plaintiff will have to show cause why this case should not be dismissed for those defects.

IT IS THEREFORE ORDERED:

1.      That Filing No. 4, the plaintiff's Motion for an Emergency Injunction (TRO) is denied;

2.      That by December 29, 2006, the plaintiff shall show cause in writing why the above-entitled case should not be dismissed, without prejudice, for one or more of the following reasons:

    a.      Lack of jurisdiction over the State of Kansas and any Kansas governmental agency or Kansas state actor;

    b.      Lack of venue in Nebraska; and/or

    c.      Failure to state a claim on which relief may be granted;

3.      That in the absence of a timely and sufficient showing of cause, the above-entitled case may be subject to dismissal, without prejudice, without further notice.

DATED this 5th day of December, 2006.

BY THE COURT:

2

s/Laurie Smith Camp
United States District Judge