IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MATTHEW D. KRALLMAN, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06cv3252 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| STATE OF KANSAS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Filing No. 7, the Order to Show Cause of December 5, 2006, in which this court stated in pertinent part:

> The plaintiff moves for a TRO, asking the court to intervene and stay proceedings in criminal proceedings pending in Kansas, i.e., Case No. 04CR990, Kansas v. Krallman. No basis for doing so has been presented to the court, and the court will not do so. In addition, this court has no jurisdiction over the State of Kansas or any Kansas state actor .... On initial review, the court questions whether venue lies in this district, whether this court has jurisdiction over the defendants, and whether the plaintiff has stated a claim on which relief may be granted. In order to proceed with this matter, the plaintiff will have to show cause why this case should not be dismissed for those defects.

The plaintiff, a prisoner in Kansas, has named as defendants the State of Kansas and Security Transport, an entity whose employee, armed with a gun and wearing a badge, transported the plaintiff to Shawnee County, Kansas pursuant to a court order. The plaintiff states (Filing No. 1 at 4) that he does not know whether Security Transport is an agency or branch of Kansas government or a private company under contract with the State of Kansas. The plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, alleging that, while transporting the plaintiff through Nebraska on the way to Shawnee County, Kansas, an agent of Security Transport lost the plaintiff's legal documents and also

caused the plaintiff trauma by making him view a traffic accident in which other people sustained serious injury.

The plaintiff has not filed an adequate response to the Order to Show Cause, and this court accordingly knows little more about the case than before issuing that Order. However, the one point which is absolutely clear is that this court has no in personam jurisdiction over the State of Kansas. Thus, the above-entitled litigation cannot continue in the District of Nebraska.

28 U.S.C. § 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  This action could have been brought in the United States District Court for the District of Kansas.  28 U.S.C. § 1404(a) affords a federal district court considerable discretion in deciding whether to transfer venue.  See <u>Terra International, Inc. v. Mississippi Chemical Corp.</u>, 119 F.3d 688, 697 (8th Cir.), <u>cert. denied</u>, 118 S. Ct. 629 (1997).  This action will be transferred to Kansas.  Filing Nos. 8 and 9, the plaintiff's pending motions, will be denied without prejudice to reassertion in the transferee court.

THEREFORE, IT IS ORDERED:

1.     That pursuant to 28 U.S.C. § 1404(a), this case is transferred to the United States District Court for the District of Kansas;

2.     That this case shall be closed for statistical purposes by the Clerk of Court for the District of Nebraska;

3. That the Clerk of Court for the District of Nebraska shall deliver the record of this case in a form, whether electronic or otherwise, which is acceptable to the transferee Court;

4. That the Clerk of Court for the District of Nebraska shall send a copy of this Memorandum and Order to the plaintiff; and

5. That Filing Nos. 8 and 9, the plaintiff's pending motions, are denied without prejudice to reassertion in the transferee court.

DATED this 17th day of January, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge